**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

MICHAEL FAZIO,

       Plaintiff,

         v.

JAMES RIVER INSURANCE COMPANY,
et al.

       Defendants.

CIVIL NO.: 20-1074 (MEL)

**OPINION AND ORDER**

## I.    Procedural Background

On September 29, 2020, Mr. Michael Fazio ("Plaintiff" or "Mr. Fazio") filed a second amended complaint against Defendants James River Insurance Company ("James River"), Metropolitan Casualty Insurance Company ("Metropolitan Casualty"), Ms. Naihomi Figueroa Fontanez ("Ms. Figueroa"), and Mr. Isaías Soto Reyes ("Mr. Soto"). ECF No. 71. Plaintiff alleges that on February 16, 2019, he was a passenger in a vehicle operated by Ms. Melissa Griselle Bonilla Grajales ("Ms. Bonilla") who was providing transportation to him through the Uber ride-share app. Id. at 2-3. Plaintiff alleges that Ms. Bonilla's vehicle, in which he was a passenger, was stopped at a traffic light when it was struck from behind by a vehicle that was operated by Ms. Figueroa and registered to Mr. Soto. Id. at 3, 6.

It is alleged by Plaintiff that he sustained various injuries, mental and physical suffering, medical expenses, and a loss of earnings and earning capacity due to Ms. Figueroa's negligence and carelessness. Id. at 3-5. Plaintiff contends that Ms. Figueroa was an uninsured driver and that James River, who issued an automobile insurance policy to Uber, refuses to pay the uninsured motorist coverage benefits to him. Id. at 6.  Plaintiff also contends that Metropolitan Casualty

issued him an automobile insurance policy and refuses to pay him uninsured motorist coverage benefits. Id. at 5-6.

On October 13, 2020, James River answered the second amended complaint and filed a counterclaim against Plaintiff and cross claim against Ms. Figueroa, Mr. Soto, and Metropolitan Casualty. ECF No. 72. In the counterclaim, James River alleges that Plaintiff has acted obstinately and frivolously in litigating his claims. Id. at 38, 45. Thus, James River seeks attorney's fees and costs pursuant to Title 32, Annotated Laws of Puerto Rico, Appendix III, Section 44.1(d) ("Rule 44.1(d)"). Id.

Pending before the court is Plaintiff's motion to dismiss James River's counterclaim. ECF No. 73. Plaintiff moves to dismiss the counterclaim for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Id. Plaintiff argues that James River's counterclaim should be dismissed because there is no statutory or common law cause of action asserted in the counterclaim. Id. at 3, 6. Plaintiff also argues that James River's assertions in the counterclaim are scandalous, slanderous, and unfounded, and thus, should be stricken from the record. Id. at 6. James River responded in opposition on October 29, 2020. ECF No. 74.

## II.     Factual Allegations in the Counterclaim

On July 27, 2020, Plaintiff filed a motion for summary judgment prior to the commencement of the discovery process. ECF No. 72, at 36, ¶ 5. On September 9, 2020, Plaintiff filed an amended complaint in which he added four new causes of action solely against James River. Id. at 36, ¶ 6. On September 29, 2020, Plaintiff filed a second amended complaint to join additional averments against James River. Id. at 36, ¶ 7. According to James River, Plaintiff claims solely against James River a "totally unjustifiable or sustainable amount of over

three million dollars ($3,000,000.00), for alleged moral damages and violations against the

Insurance Code of Puerto Rico, in addition to his alleged tort claims against all defendants, in an

alleged amount of over one million one hundred thousand dollars ($1,100,000.00.)" <u>Id</u>. at 36-37,

¶ 8. James River alleges that Plaintiff "improperly used the process for an unintended, vindictive,

or perverse reason, and targeting [James River] alone, when [James River] is not liable for the

accident." <u>Id</u>. at 37, ¶ 11. James River further alleges that "Mr. Fazio's sole intent is to obtain

judgment or a settlement, by ambush, in his favor, and against [James River], which is not the

liable party nor the only defendant in this action, without an appropriate discovery process." <u>Id</u>.

at 37, ¶ 15. James River contends that it has incurred a great amount of expenses and attorney

fees in its defense against Plaintiff's "abuse of process and his vindictive actions targeting

[James River]." <u>Id</u>. at 37, ¶ 10.

### III.    Motion to Dismiss Standard Under Rule 12(b)(6)

"A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure

12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." <u>Geter v. Galardi</u>

<u>South Enterprises, Inc.</u>, 43 F. Supp. 3d 1322, 1325 (S.D. Fla. 2014); <u>Quicksilver, Inc. v.</u>

<u>Santiago</u>, Civ. No. 08-1912, 2009 WL 2365978, at *1 (D.P.R. July 23, 2009) ("Challenges to the

sufficiency of a counterclaim under Rule 12 are subject to the same rules as when they are

directed toward an original complaint."). Therefore, under Rule 12(b)(6), a plaintiff may move to

dismiss a defendant's counterclaim for "failure to state a claim upon which relief can be granted"

limiting "its focus to the allegations in the counterclaim." <u>Luis A. Ayala Colón Sucres., Inc. v.</u>

<u>Break Bulk Servs., LLC</u>, Civ. No. 11-2022, 2012 WL 13170879, at *1 (D.P.R. Sept. 6, 2012)

(citing <u>Litton Indus., Inc. v. Colón</u>, 587 F.2d 70, 74 (1st Cir. 1978)); Fed. R. Civ. P. 12(b)(6).

"To avoid dismissal, a counterclaimant must 'set forth factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory.'" Break Bulk Servs., 2012 WL 13170879, at *1 (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)). "The court must determine if the factual content, taken as a whole, allows for a reasonable inference that the [plaintiff/counter-defendant] is liable for the conduct alleged." Id. (citing Ocasio Hernández v. Fortuño Burset, 640 F.3d 1, 11-12 (1st Cir. 2011)). Dismissal under Rule 12(b)(6) is appropriate only if the facts alleged, taken as true, do not warrant recovery. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). To prevent dismissal of the counterclaim, the defendant "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Torres v. Bella Vista Hosp., Inc., 523 F. Supp. 2d 123, 133 (D.P.R. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, at 555, 570 (2007)).

## IV.   Legal Analysis

In its counterclaim, James River requests attorney's fees for Plaintiff's alleged obstinate conduct pursuant to Rule 44.1(d). ECF No. 72, at 38, 45. "Where, as here, the court's jurisdiction is based on diversity of the parties, a district court's award of attorneys' fees is governed by relevant state law, in this case Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure." IOM Corp. v. Brown Forman Corp., 627 F.3d 440, 451 (1st Cir. 2010); Dopp v. Pritzker, 38 F.3d 1239, 1252 (1st Cir. 1994) ("In a diversity case in which the substantive law of Puerto Rico supplies the basis of decision, a federal court must give effect to Rule 44.1(d) . . . of the Puerto Rico Rules of Civil Procedure.").

Rule 44.1(d) provides that "[i]n the event any party or its lawyer has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of a sum for

attorney's fees which the court decides corresponds to such conduct." 32 L.P.R.A., App. III,

§ 44.1(d). Rule 44.1(d) seeks "to impose a penalty upon a losing party that because of his

stubbornness, obstinacy, rashness, and insistent frivolous attitude has forced the other party to

needlessly assume the pains, costs, efforts, and inconveniences of a litigation." Feliciano Rivera

v. Pina Nieves, 292 F. Supp. 3d 560, 567 (D.P.R. 2018) (citing Top Entm't Inc. v. Torrejon, 351

F.3d 531 (1st Cir. 2003)).

 Therefore, to find obstinacy the court must find that "a litigant has been 'unreasonably

adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting

time and causing the court and the other litigants unnecessary expense and delay.'" Flovac, Inc.

v. Airvac, Inc., Civ. No. 12-1348, 2017 WL 1194203, at *1 (D.P.R. Mar. 30, 2017) (quoting De

León v. Corporación Insular de Seguros, 931 F.2d 116, 127 (1st Cir. 1991)). "The offending

party's conduct, at the very least, must have started "a litigation that could have been avoided,"

unnecessarily delayed the proceedings, or forced the other party to "embark on needless

procedures." Id. (citing Fernández v. San Juan Cement Co., 18 P.R. Offic. Trans 823, 830 (P.R.

1987)).

 "Factors to consider include: '(1) the complexity of the issues, the clarity of the law, and

the disposition of the litigants in short, the 'personality' of the case; (2) the delay and

stubbornness in discovery, including a disregard for court orders; (3) temerity in settlement

negotiations; and (4) the novelty of the claim.'" Feliciano Rivera, 292 F. Supp. 3d at 567

(quoting Rodríguez–López v. Institución Perpetuo Socorro, Inc., 616 F. Supp. 2d 200, 202–03

(D.P.R. 2009)). "'Obstinacy is to be judged in light of the overall circumstances of the particular

case,' but generally includes conduct such as 'denying all liability in answering a complaint,

where the defendant later admits liability; raising inapplicable defenses; denying all liability

when only the amount of damages sought is contested; and denying a fact, knowing it is true.'"
Inducol S.A. v. Gutierrez, Civ. No. 12-2053, 2013 WL 5755362, at *3 (D.P.R. Oct. 23, 2013)
(citing Correa v. Cruisers, a Div. of KCS Int'l Inc., 298 F.3d 13, 31 (1st Cir. 2002)).

"Once the court makes the threshold determination of obstinacy or frivolousness,
imposition of attorneys' fees is mandatory. The amount of the fees awarded, however, is left to
the discretion of the court." IOM Corp., 627 F.3d at 452 (citing Correa, 298 F.3d at 30). The
award of attorney's fees is "not meant to compensate a litigant for the total costs incurred in the
lawsuit. Rather, fee awards 'must be commensurate to that amount which, in the opinion of the
court, reasonably represents the value of th[e] [legal] services, considering the degree of
obstinacy [or frivolousness] and other circumstances of the case.'" Id. (quoting Asociación de
Condóminos v. Trelles Reyes, 20 P.R. Offic. Trans 599, 605 (P.R. 1988)).

In its counterclaim, James River alleges that Plaintiff's conduct has been obstinate
because it filed a motion for summary judgment prior to the commencement of discovery and
subsequently amended the complaint twice. ECF No. 72, at 36. James River also alleges that
Plaintiff's claim for over $3,000,000.00 in damages against only James River is unjustifiable. Id.
at 36-37. It is further alleged by James River that it has incurred a great amount of expenses and
attorney fees in its defense against "Plaintiff's abuse of process and his vindictive actions
targeting [James River]." Id. at 37.

In his motion to dismiss James River's counterclaim, Plaintiff contends that "James River
has failed to identify a cause of action in its counterclaim and has failed to make clear the legal
theory supporting its counterclaim." ECF No. 73, at 3. Plaintiff alleges that Rule 44.1(d) does not
provide a cause of action, and therefore, the counterclaim makes "no factual allegations
respecting each material element of a cause of action necessary to sustain recovery." Id.

In support of his argument, Plaintiff points to <u>Giménez Álvarez v. Silen Maldonado</u>, 131 D.P.R. 91 (P.R. 1992) where the Supreme Court of Puerto Rico explained "[w]e have frequently reiterated the doctrine that in our jurisdiction the per se civil damage suit resulting from a civil action does not exist." "[T]he Supreme Court further stated the following, '[i]n general terms, Puerto Rican law does not acknowledge the existence of a civil action for damages as a consequence of a civil suit. [Absent an express provision granting a cause of action, the] judicial penalty for the improper use of legal proceedings is found in the imposition of costs and attorney's fees [and, where pertinent, legal interest for obstinacy] within the same suit.'" <u>Torres-Maldonado v. Ruiz-Quijano</u>, Civ. No. 08-1878, 2010 WL 4692048, at *3 (D.P.R. Nov. 16, 2010) (citing <u>Giménez Álvarez</u>, 131 D.P.R. at 96).

"[T]he Supreme Court of Puerto Rico's general policy for the abuse of legal proceedings is the imposition of costs and attorney's fees." <u>Casiano Torres v. Don King Productions, Inc.</u>, 598 F. Supp. 2d 245, 248 (D.P.R. 2009). "Nevertheless, there is an exception for malicious prosecution if a plaintiff can prove the following elements: '(1) a civil action was instituted, (2) maliciously and without probable cause, (3) the case ended favorably to the plaintiff (defendant in the initial civil action), and (4) the plaintiff alleging malicious prosecution sustained damages thereby.'" <u>Id</u>. (citing <u>Giménez Álvarez</u>, 131 D.P.R. at 96).

In its response to the motion to dismiss, James River argues that its counterclaim "arises under a substantive procedural rule of Puerto Rico, Rule 44.1(d), *supra*, the Counterclaim is correctly designated as such, since it is raised as a claim, and justice mandates that this Honorable Court hears [James River's] claim for abuse of process against Plaintiff." ECF No. 74, at 6-7. James River further contends that it has not brought a separate civil action because the

counterclaim has been pled in the same suit as Plaintiff's claims and it has not demanded relief for damages as it only seeks attorney's fees and costs. Id.

James River's assertion that Rule 44.1(d) is substantive law to be applied by a court sitting in diversity where Puerto Rico law supplies the basis for a decision, which is the case here, has merit. See Grajales-Romero v. American Airlines, Inc., 194 F.3d 288, 301 (1st Cir. 1999). The issue, however, is not whether Rule 44.1(d) applies but rather when it can be relied upon during the course of litigation. The fact that Rule 44.1(d) is substantive law in the case at hand does not mean that it provides the basis for a civil suit cause of action involving discoverable issues, the exchange of interrogatories, or a question of fact for the jury to determine.

Plaintiff has not argued that Rule 44.1(d) is not applicable to the case at bar. Rather, Plaintiff argues that Rule 44.1(d) does not provide a cause of action to be pled in a counterclaim. ECF No. 73, at 3. As stated earlier, the Puerto Rico Supreme Court has found that the "judicial penalty for the improper use of legal proceedings is found in the imposition of costs and attorney's fees' in the same suit." MVM Inc. v. Rodríguez, 568 F. Supp. 2d 158, 179 (D.P.R. 2008) (citing Giménez Álvarez, 131 D.P.R. at 97). The request for the imposition of attorney's fees due to obstinate behavior by a party or attorney is proper upon the entry of judgment. See Vernet v. Serrano Torres, Civ. No. 00-2559, 2011 WL 13286701, at *8 (D.P.R. Mar. 17, 2011) (denying a plaintiff's request for attorney's fees pursuant to Rule 44.1(d) in its response to a motion for summary judgment as premature as "this rule is inapplicable at this juncture as no judgment has yet been entered."); Alejandro-Ortiz v. Puerto Rico Elec. Power Auth., 872 F. Supp. 2d 133, 139 (D.P.R. 2012) (explaining that a plaintiff's request for sanctions pursuant to Rule 44.1(d) was not applicable because no judgment had been entered); Rivera v. LifeLink

8

Foundation, Inc., 255 F. Supp. 3d 327, 331 (D.P.R. 2017) (explaining that Rule 44.1(d) "requires a district court to hold a losing party who has been obstinate during the course of a lawsuit liable for its adversary's attorney's fees."). Thus, because judgment has not been entered, James River's request for attorney's fees pursuant to Rule 44.1(d) is premature.

Rule 44.1(d) does not form a foundation of a civil suit cause of action and Plaintiff has not alleged a cause of action of malicious prosecution. Therefore, even taking all well-pleaded allegations in the counterclaim as true, James River has not carried its burden of presenting factual allegations respecting each material element of a cause of action necessary to sustain recovery to survive Plaintiff's motion to dismiss under Rule 12(b)(6). See U.S. ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 384 (1st Cir. 2011) ("A suit will be dismissed if the complaint does not set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'"). The dismissal of the counterclaim does not mean that James River is left without a remedy if its contentions prove to be true as it may renew its request for attorney's fees and costs under Rule 44.1(d) after judgment has been entered. Therefore, Plaintiff's request that James River's counterclaim pursuant to Rule 44.1(d) be dismissed (ECF No. 73) is GRANTED.

Plaintiff's request that James River's assertions in the counterclaim be stricken from the record is DENIED. James River's request for attorney's fees and costs pursuant to Rule 44.1(d) is DENIED WITHOUT PREJUDICE. After judgment has been entered, James River may file a timely motion if it believes that a party or attorney has acted with temerity during the course of the litigation as envisioned in Rule 44.1(d).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 7th day of June, 2021.

s/Marcos E. López
U.S. Magistrate Judge