IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MICHAEL FAZIO,<br><br>Plaintiff,<br><br>v.<br><br>JAMES RIVER INSURANCE COMPANY, et al.,<br><br>Defendants. | CIVIL NO.: 20-1074 (MEL) |
| MICHAEL FAZIO,<br><br>Plaintiff,<br><br>v.<br><br>JAMES RIVER INSURANCE COMPANY,<br><br>Defendant. | CIVIL NO.: 22-1186 (MEL) |

**OPINION AND ORDER**

Pending before the court is Plaintiff Mr. Michael Fazio's ("Mr. Fazio") motion in *limine* to exclude the expert testimony at trial of Dr. Fernando Cabrera Jr. ("Dr. Cabrera"). ECF No. 269.[1] In said motion, Mr. Fazio requests that Dr. Cabrera's testimony, who Defendant James River Insurance Company ("James River") has declared as an expert witness, be excluded from trial on *Daubert* grounds and because it is violation of the court's orders. For the reasons detailed below, Mr. Fazio's motion in *limine* is GRANTED.

---

[1] Unless explicitly stated otherwise, any citations to docket entries in this opinion and order are referencing Case No. 20-1074, the Lead Case.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

This pending lawsuit is the product of consolidated cases: Case No. 20-1074, the Lead Case, and Case No. 22-1186, the Member Case. On September 29, 2020, Mr. Fazio filed a second amended complaint in the Lead Case against Metropolitan Casualty Insurance Company ("Metropolitan Casualty"), Naihomi Figueroa Fontánez ("Ms. Figueroa"), and Isaías Soto Reyes ("Mr. Soto"). ECF No. 71 at 2. In that complaint Mr. Fazio alleged that while being transported in an Uber ride, his vehicle was struck from behind while stopped at a traffic light. ECF No. 71 at 3–6. As a result of this accident, Mr. Fazio further alleged that he suffered damages, to which "all . . . defendants are jointly and severally liable," entitling him to compensation in excess of one million dollars ($1,000,000). ECF No. 71 at 6. Mr. Fazio further contends that James River breached the provisions of the uninsured motorist coverage as part of a policy issued to Uber "for the benefit of Uber drivers and passengers" by denying coverage and by failing to compensate him for his injuries. ECF No. 71 at 5, 7. In the Lead Case, Mr. Fazio also brought five additional causes of action against James River alone: breach of contract, contractual breach of the implied covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith and fair dealing, bad faith, and unfair claim adjustment practices. ECF No. 71 at 7–12.

In the Member Case, on June 22, 2022, Mr. Fazio filed an amended complaint against James River alone, alleging violations of Article II, Section 8 of the Constitution of the Commonwealth of Puerto Rico; violations of the Puerto Rico Libel and Slander Act of 1902, 32 L.P.R.A. §§ 3141–3149; and violations of the general tort provisions of Puerto Rico Civil Code Articles 1536 and 1538, 31 L.P.R.A. §§ 10801 and 10803. ECF No. 26 at 1 in Case No. 22-1186. In the 2022 lawsuit, Mr. Fazio alleges that James River defamed him during the pendency of the Lead Case. ECF No. 26 at 1 in Case No. 22-1186. On October 6, 2022, James River filed a

motion to dismiss all claims in the Member Case, resulting in the court dismissing with prejudice one of the three causes of action: Mr. Fazio's claim that James River defamed him with its use of the word "extort" during an email exchange between the parties. ECF No. 50 in Case No. 22-1186. On September 30, 2022, the court consolidated both cases. ECF No. 238. On February 23, 2024, the court granted James River's motion for summary judgment as to the remaining two causes of action in the Member Case. ECF No. 331.

## II. LEGAL STANDARD

In *Daubert*, the Supreme Court "vested in trial judges a gatekeeper function, requiring that they assess proffered expert scientific testimony for reliability before admitting it." *Milward v. Acuity Specialty Prod. Grp., Inc.*, 639 F.3d 11, 14 (1st Cir. 2011). Rule 702 of the Federal Rules of Evidence was amended to reflect the Supreme Court's decision in *Daubert*. Fed. R. Evid. 702 advisory committee's note to 2000 Amendments ("Rule 702 has been amended in response to [*Daubert*], and to the many cases applying *Daubert*, including [*Kumho*, 526 U.S. 137 (1999)]."). Rule 702 provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702(a)–(d). For an expert opinion to be admissible, it must be relevant under Federal Rule of Evidence 402, and also must meet the "special relevancy requirement" in the "incremental sense that the expert's proposed opinion, if admitted, likely would assist the trier of fact to understand or determine a fact in issue[.]" *Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co.*, 161 F.3d 77, 81 (1st Cir. 1998).

### III.   ANALYSIS

Mr. Fazio argues that Dr. Cabrera's report should be excluded on *Daubert* grounds.[2] ECF No. 269 at 2, ¶ 7. Specifically, Mr. Fazio first contends that Dr. Cabrera's opinions in his expert report are not reliable because his methodology and analysis are flawed. ECF No. 269 at 3, ¶ 8. However, Mr. Fazio does not provide any specificity in his argument that casts a shadow on the methodology used in Dr. Cabrera's report. The methodology behind Dr. Cabrera's report is composed of Mr. Fazio's biodata, description of present illnesses, family history, mental status, and Diagnostic and Statistical Manual of Mental Disorders ("D.S.M.-5") information, and Dr. Cabrera's observations from a one-and-a-half-hour interview with Mr. Fazio and conclusions.   ECF No. 270-1. Mr. Fazio cites to various jurisprudence giving examples of when an expert's methodology is erroneous. ECF No. 269 at 4, ¶10. However, Mr. Fazio does not apply the principles outlined in the jurisprudence that he cites to Dr. Cabrera's report. For example, Mr. Fazio does not explain what facts Dr. Cabrera failed to consider, why his conclusions could not have been reached from conducting a one-and-a-half-hour interview, how his methodology is erroneous, or how he conducted a faulty investigation. Without more, this argument cannot prosper.

Mr. Fazio also asserts that Dr. Cabrera's testimony should be excluded because it relates almost entirely to the Lead Case, in violation of the court's orders. At the time Dr. Cabrera was retained, his interview with Mr. Fazio was conducted, and his report was produced, discovery in the Lead Case had concluded and the parties were ordered to continue discovery for only the Member Case. *See* ECF No. 254 at 1. However, contrary to what Mr. Fazio is suggesting, the facts and damages relating to the Member Case, that is Mr. Fazio's defamation claims, cannot be

---

[2] Mr. Fazio does not challenge Dr. Cabrera's qualifications to testify as an expert in the field of psychiatry.

considered in isolation apart from the Lead Case. To accurately determine Mr. Fazio's pain and suffering relating to his defamation claims, a jury would have to be made aware of any pain and suffering Mr. Fazio had before the alleged defamation happened, so it could discount said pain and suffering and ensure that Mr. Fazio is only being awarded damages relating to the defamation claims. Therefore, it is not improper that Dr. Cabrera's report discussed pre-defamation pain and suffering. Moreover, it was Mr. Fazio who brought the Lead Case and moved to consolidate. ECF No. 1; ECF No. 2 in Case No. 22-1186. Thus, Mr. Fazio cannot now complain that information relating to the Lead Case is being discussed to provide a clear and complete picture of the Member Case.

However, there are two other concerns that must be further discussed warranting that Dr. Cabrera's testimony be excluded at trial. First, Mr. Fazio's motion asserts that Dr. Cabrera's expert report fails to comply with the expert disclosures required under Fed. R. Civ. P. 26(a)(2)(B). ECF No. 269 at 3–4. According to Fed. R. Civ. P. 26(a)(2)(B), disclosure of expert testimony shall be accompanied by the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). James River does not address this failure to provide expert disclosures in its opposition. *See* ECF No. 281. Nor can Dr. Cabrera's report, on its face, satisfy all of the requirements under Fed. R. Civ. P. 26(a)(2)(B). For example, the report does not refer

to compensation paid for Dr. Cabrera's testimony, any publications in the last decade, and previous testimony during the last four years.

Second, even if James River provided the expert disclosures, it is apparent that Dr. Cabrera was retained solely for the Member Case. The discovery phase of the Lead Case closed on August 31, 2021. ECF Nos. 158, 171. On November 8, 2022, the court reiterated that the discovery phase in the Lead Case had closed and set deadlines for further discovery relating solely to the Member Case. ECF No. 254 at 1. Thereafter, on December 30, 2022, James River informed the court that it had retained Dr. Cabrera, among others. ECF No. 258 at 1. Therefore, because discovery of the Lead Case was already closed, James River retained Dr. Cabrera solely for the Member Case. Moreover, the only medical *opinion* that Dr. Cabrera gave is regarding the Member Case: "My medical opinion is that Mr. Fazio has no emotional conditions that are secondary [to], or related to, the supposed defamation h[e] is alleging in his Complaint against [James River] and its lawyers." ECF No. 270-1 at 4. Thus, Dr. Cabrera's report, although it makes references to circumstances surrounding the Lead Case, was prepared solely for the Member Case, not the Lead Case. In light of the Opinion and Orders (ECF No. 331; ECF No. 50 in Case No. 22-1186) dismissing Mr. Fazio's defamation claims entirely, the need to have Dr. Cabrera testify about the damages suffered as a result of said claims is moot. Accordingly, Dr. Cabrera will not be allowed to testify at trial, and Mr. Fazio's motion in *limine* is GRANTED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of February, 2024.

s/Marcos E. López<br>U.S. Magistrate Judge