IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MICHAEL FAZIO,<br><br>Plaintiff,<br><br>v.<br><br>JAMES RIVER INSURANCE COMPANY, et al.,<br><br>Defendants. | CIVIL NO.: 20-1074 (MEL) |
| MICHAEL FAZIO,<br><br>Plaintiff,<br><br>v.<br><br>JAMES RIVER INSURANCE COMPANY,<br><br>Defendant. | CIVIL NO.: 22-1186 (MEL) |

**OPINION AND ORDER**

Pending before the court is Plaintiff Mr. Michael Fazio's ("Mr. Fazio") motion in *limine* to exclude the expert testimony at trial of Mr. John Hansley, Mr. David Peters, and Mr. Shawn Jensen (collectively, the "Private Investigators"), and the surveillance report issued by Advantage Surveillance. ECF No. 300.[1] In said motion, which is hereby NOTED, Mr. Fazio requests that the Private Investigator's testimony, who Defendant James River Insurance Company ("James River") has announced as expert witnesses, be excluded from trial on *Daubert* grounds, among others.

---

[1] Unless explicitly stated otherwise, any citations to docket entries in this opinion and order are referencing Case No. 20-1074, the Lead Case.

Mr. Fazio's request to exclude the testimony of the Private Investigators and the surveillance report, filed on July 21, 2023, is untimely.[2] While James River waited until the last day to comply with the court's deadline of January 31, 2023, to produce the surveillance report dated November 29, 2022, it still produced said report in a timely manner. ECF Nos. 254, 300-1, 300-2. The deadline to file *Daubert* motions or motions to exclude expert testimony was April 3, 2023. ECF No. 254 at 2. Mr. Fazio, however, waited until July 21, 2023, to file his motion to exclude the testimony of the Private Investigators. ECF No. 300.

Notwithstanding, the evidence must still be excluded because it is apparent that the Private Investigators were retained solely for Case No. 22-1186, the Member Case. The discovery phase of the Lead Case closed on August 31, 2021. ECF Nos. 158, 171. On November 8, 2022, the court reiterated that the discovery phase in the Lead Case had closed and set deadlines for further discovery relating solely to the Member Case. ECF No. 254. Thereafter, on December 30, 2022, James River informed the court that it had retained the Private Investigators, among others. ECF No. 258 at 1. Therefore, because discovery of the Lead Case was already closed, James River retained the Private Investigators solely for the Member Case. In light of the Opinion and Orders (ECF No. 331; ECF No. 50 in Case No. 22-1186) dismissing the Member Case in its entirety, the need to have the Private Investigators testify regarding the contents of the surveillance report is moot for purposes of the Member Case for which they were retained.[3] Accordingly, the surveillance report is inadmissible evidence, and the Private Investigators will not be allowed to testify at trial during James River's case in chief.

---

[2] While the surveillance report is hearsay, the photos and videos described in the report could be admissible if the Private Investigators authenticate them.

[3] While a reasonable argument could be made that the testimony of the Private Investigators could be used to support James River's claims in the Lead Case, nothing precluded James River from retaining the Private Investigators for the Lead Case in a timely manner before the conclusion of the discovery phase of the Lead Case.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of February, 2024.

s/Marcos E. López  
U.S. Magistrate Judge