**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MICHAEL FAZIO, | |
| Plaintiff, | |
| v. | CIVIL NO.: 20-1074 (MEL) |
| JAMES RIVER INSURANCE COMPANY, et al., | |
| Defendants. | |
| MICHAEL FAZIO, | |
| Plaintiff, | |
| v. | CIVIL NO.: 22-1186 (MEL) |
| JAMES RIVER INSURANCE COMPANY, | |
| Defendant. | |

**OPINION AND ORDER**

Pending before the court is Plaintiff Michael Fazio's ("Mr. Fazio") motion to disqualify defense counsel in Case No. 20-1074 (ECF No. 299) and Defendant James River Insurance Company's ("James River") motion in *limine* (ECF No. 304) requesting preclusion of testimonies of all attorneys announced by Mr. Fazio in the proposed pretrial order. Because both motions concern the same four attorneys—that is Counsel Edna Pérez-Roman ("Counsel Pérez"), Counsel Gladira Robles-Santiago ("Counsel Robles"), Counsel Grecia Díaz-Sánchez ("Counsel Díaz"), and Counsel Ramon Coto-Ojeda ("Counsel Coto")[1]—one opinion and order will be

---

[1] These four attorneys represented James River in Case No. 20-1074, the Lead Case, and while doing so worked together at Coto & Associates. *See generally* Dkt. in Case No. 20-1074. However, at the time James River filed its motion in *limine*, Counsel Díaz and Robles no longer worked for Coto & Associates. ECF No. 304 at 5, ¶ 18 n.3.

issued addressing both motions. For the reasons detailed below, Mr. Fazio's motion to disqualify is DENIED, and James River's motion in *limine* is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This pending lawsuit is the product of consolidated cases: Case No. 20-1074, the Lead Case, and Case No. 22-1186, the Member Case. On September 29, 2020, Mr. Fazio filed a second amended complaint in the Lead Case against Metropolitan Casualty Insurance Company ("Metropolitan Casualty"), Naihomi Figueroa Fontánez ("Ms. Figueroa"), and Isaías Soto Reyes ("Mr. Soto"). ECF No. 71 at 2. In that complaint Mr. Fazio alleged that while being transported in an Uber ride, his vehicle was struck from behind while stopped at a traffic light. ECF No. 71 at 3–6. As a result of this accident, Mr. Fazio further alleged that he suffered damages, to which "all . . . defendants are jointly and severally liable," entitling him to compensation in excess of one million dollars ($1,000,000). ECF No. 71 at 6. Mr. Fazio further contends that James River breached the provisions of the uninsured motorist coverage as part of a policy issued to Uber "for the benefit of Uber drivers and passengers" by denying coverage and by failing to compensate him for his injuries. ECF No. 71 at 5, 7. In the Lead Case, Mr. Fazio also brought five additional causes of action against James River alone: breach of contract, contractual breach of the implied covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith and fair dealing, bad faith, and unfair claim adjustment practices. ECF No. 71 at 7–12.

In the Member Case, on June 22, 2022, Mr. Fazio filed an amended complaint against James River alone, alleging violations of Article II, Section 8 of the Constitution of the Commonwealth of Puerto Rico; violations of the Puerto Rico Libel and Slander Act of 1902, 32 L.P.R.A. §§ 3141–3149; and violations of the general tort provisions of Puerto Rico Civil Code Articles 1536 and 1538, 31 L.P.R.A. §§ 10801 and 10803. ECF No. 26 at 1 in Case No. 22-1186.

In the 2022 lawsuit, Mr. Fazio alleges that James River defamed him during the pendency of the Lead Case. ECF No. 26 at 1 in Case No. 22-1186. On October 6, 2022, James River filed a motion to dismiss all claims in the Member Case, resulting in the court dismissing with prejudice one of the three causes of action: Mr. Fazio's claim that James River defamed him with its use of the word "extort" during an email exchange between the parties. ECF No. 50 in Case No. 22-1186. On September 30, 2022, the court consolidated both cases. ECF No. 238. On February 23, 2024, the court granted James River's motion for summary judgment as to the remaining two causes of action in the Member Case. ECF No. 331.

## II.    ANALYSIS

Mr. Fazio argues that the Counsel Díaz, Robles, Pérez, and Coto should be disqualified because he needs them to testify at trial regarding his claims in both the Lead Case and the Member Case. ECF No. 299 at 4; ECF No. 319 at 10–15. However, in light of this court's opinion and orders (ECF No. 331; ECF No. 50 in Case No. 22-1186) dismissing the Member Case in its entirety, Mr. Fazio's request to have James River's attorneys testify to claims regarding the Member Case is moot. Therefore, the only issue remaining is whether the attorneys should be disqualified, so they can testify in support of the Lead Case—specifically, whether they can testify toward Mr. Fazio's bad faith or contractual breach of the implied covenant of good faith and fair dealing claim (hereinafter, the "bad faith claim").[2] Mr. Fazio's argument fails for two reasons.

---

[2] Mr. Fazio asserts that the attorney's testimony should also be used to prove his breach of contract, tortious breach of the implied covenant of good faith and fair dealing, and unfair claim adjustments practices claims. ECF No. 299 at 4, ¶ 12; ECF No. 319 at 10, ¶ 28. However, this request is moot because the court granted Mr. Fazio's motion for summary judgment on his breach of contract claim as to liability and dismissed the tortious breach of the implied covenant of good faith and fair dealing and unfair claim adjustments practices claims. ECF No. 331.

First, Mr. Fazio's motion is vague as to what statements or actions were conducted *by each attorney* to put the court in a position to determine whether that testimony is material to the bad faith claim specifically. *See* ECF No. 319 at 10–15. In his brief, Mr. Fazio lists several actions and statements made by James River's attorneys during the course of the litigation; however, instead of listing which attorney made each statement or action, Mr. Fazio simply begins nearly every assertion with "defense counsel for James River . . ."[3] ECF No. 319 at 10–15.

Second, Mr. Fazio did not disclose his intention to possibly use these four attorneys to testify for the claims in the Lead Case before the close of discovery in said case. Pursuant to Fed. R. Civ. P. 26, the parties have a duty to disclose the names that the disclosing party may use to support its claims, unless the use would be solely for impeachment. *See* Fed. R. Civ. P. 26(a)(1)(A), (a)(3)(A)(i). Here, Mr. Fazio initiated suit in the Lead Case on February 9, 2020. ECF No. 1. However, it was not until September 9, 2020, when Mr. Fazio brought the bad faith claim against James River by amending his complaint.[4] ECF No. 52 at 7, 9. The discovery phase of the Lead Case closed on August 31, 2021. ECF Nos. 158, 171. Subsequently, on April 22, 2022, Mr. Fazio filed his complaint in the Member Case. ECF No. 1 in Case No. 22-1186. Mr. Fazio provided his Member Case initial disclosures to James River identifying Counsel Pérez, Díaz, and Robles as potential witnesses on October 26, 2022. ECF No. 304-1 at 2–3, ¶¶ 7, 10–11. However, Mr. Fazio did not identify Counsel Coto in his initial disclosures as a potential witness. On November 8, 2022, the court reiterated that the discovery phase in the Lead Case

---

[3] Admittedly, James River is precise for one of its assertions and specifically lists one of the attorneys by name and explains what said attorney did. *See* ECF No. 319 at 8, ¶ 23. Notwithstanding, for the reasons to be explained below, this is not enough to save Mr. Fazio.
[4] Mr. Fazio amended his complaint for a second time on September 29, 2020, retaining the bad faith claim against James River. ECF No. 71 at 7, 9.

had closed and set deadlines for further discovery relating solely to the Member Case. ECF No. 254 at 1. On July 7, 2023, the parties filed a joint proposed pretrial order where Mr. Fazio explicitly stated that he intended to call Counsel Pérez, Robles, Díaz, and Coto to testify. ECF No. 298 at 93–94, ¶¶ 5–8.

In his filings, Mr. Fazio has not refuted James River's contention that he did not name the four attorneys as potential witnesses in his disclosures throughout the discovery phase of the Lead Case. While the parties do not attach Mr. Fazio's initial disclosures in their briefings, James River categorically states in its motion that "Case No. 20-1074 is the Lead Case, where discovery has long been concluded, and where not one of the lawyers disclosed as potential witnesses in the Initial Disclosures of the Member Case is mentioned or included as a potential witness in the Lead Case." ECF No. 304 at 2, ¶ 3. In his opposition thereof and his motion to disqualify, Mr. Fazio fails to address this point. *See generally* ECF Nos. 299, 319. It would have been very simple for Mr. Fazio to address this point in his briefings and attach his initial disclosures or supplements thereof if he had in fact provided James River notice during the discovery phase of the Lead Case that he intended to possibly use its attorneys at trial. Thus, the only reasonable conclusion is that Mr. Fazio failed to provide notice to James River prior to the close of discovery in the Lead Case that he may use its attorneys at trial. Moreover, had Mr. Fazio given notice before the Lead Case discovery phase deadline of August 31, 2021, the parties would not have waited until July 2023—nearly two years later—to bring this matter to the attention of the court. ECF Nos. 158, 171.

Although Mr. Fazio did not list James River's attorneys in his initial disclosures as potential witnesses, nothing precluded him from supplementing his disclosures before the close of discovery on August 31, 2021, in the Lead Case. Generally, a party must supplement his

disclosures "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). Here, Mr. Fazio could have supplemented his disclosures before the discovery deadline to put James River on notice that he intended to possibly use its attorneys at trial to testify regarding the bad faith claim. As mentioned above, Mr. Fazio knew the bad faith claim had been lodged against James River on September 9, 2020, when he amended his complaint to bring said claim. ECF No. 52.

In his opposition to James River's motion in *limine*, Mr. Fazio explicitly states that "[d]efense counsel for James River in Case No. 20-1074 not only published defamatory falsehoods with the requisite culpability to subject them to liability for their own acts or omissions, [but] they also made the unfounded denials of coverage and incurred" the bad faith claim. ECF No. 319 at 10, ¶ 28. Thereafter, in his same briefing, Mr. Fazio lists over ten distinct occasions—all of which occurred before the close of discovery on August 31, 2021—where James River's attorneys allegedly acted in a manner to support his bad faith claim. *See* ECF No. 319 at 11–13, ¶¶ 30–41. Therefore, regardless of whether Mr. Fazio's assertions have any merit, he had reason to believe that James River's attorneys acted in a manner to support his bad faith claim before the close of discovery in the Lead Case. Because of this, he certainly could have supplemented his disclosures in a timely manner.

The only reason why Mr. Fazio was able to include James River's attorneys as potential witnesses is because the court reopened discovery solely for purposes of the Member Case, not the Lead Case. Mr. Fazio cannot now benefit from the fact that he brought the defamation claims and therefore discovery was reopened to recuperate for his failure to comply with the discovery

phase deadline of the Lead Case, especially when nothing precluded him from complying with said deadline. Thus, Mr. Fazio's arguments cannot prosper. Accordingly, Mr. Fazio's motion to disqualify (ECF No. 299) is DENIED, and James River's motion in *limine* (ECF No. 304) is GRANTED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of February, 2024.

s/Marcos E. López

U.S. Magistrate Judge
